Patrick D. Bonner Jr.
MENZ BONNER KOMAR & KOENIGSBERG LLP
One North Lexington Avenue, Suite 1550
White Plains, New York 10601
(914) 949-0222
*Attorneys for Plaintiff*
*Hartford Fire Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
HARTFORD FIRE INSURANCE COMPANY,  :
:
        Plaintiff,  : **COMPLAINT**
:
    - v -  : Civil Action No. 18-CV-_____
:
THE CINCINNATI INSURANCE COMPANY,  : **DEMAND FOR JURY TRIAL**
:
        Defendants.  :
---------------------------------------------------------------x

Plaintiff Hartford Fire Insurance Company ("Hartford"), by and through its attorneys, Menz Bonner Komar & Koenigsberg LLP, as and for its Complaint against defendant The Cincinnati Insurance Company ("Cincinnati"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for reimbursement and recoupment of sums incurred and monies paid by Hartford for defense costs and other expenses and disbursements on behalf of Beta Unit 6, LLC ("Beta Unit 6") in connection with two consolidated underlying lawsuits captioned *Grand Slam Partners, LLC v. The Adkins Group, Inc., et al.,* Docket No. MRS-L-2984-13 (N.J. Super. Ct.), and *Selective Casualty Insurance Co. v. The Adkins Group, Inc., et al.,* Docket No. MRS-L-985-15 (N.J. Super. Ct.) (collectively, the "Underlying Actions"). The Underlying Actions allege construction defects and structural and/or other damages resulting from an October 29, 2012 water intrusion event and a February 13, 2014 snow event at a 45,000

square foot indoor tennis facility known as the Randolph Tennis Center, located in Randolph Township, New Jersey (the "Project").

2. By this action, Hartford also seeks declaratory relief, pursuant to 28 U.S.C. 2201, requesting a judgment declaring the respective rights, duties and obligations of Cincinnati and Hartford, and declaring that Cincinnati is required to reimburse Hartford for defense costs previously paid on behalf of Beta Unit 6 and to defend and indemnify Beta Unit 6 going forward with respect to the claims asserted against Beta Unit 6 in the Underlying Actions.

## THE PARTIES

3. Plaintiff Hartford is a foreign corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, defendant Cincinnati is a foreign corporation organized under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based on diversity of citizenship, pursuant to 29 U.S.C. § 1332, because Plaintiff and Defendant do not share common state citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)-(c).

## THE LIABILITY INSURANCE POLICIES

7. Hartford issued primary liability insurance policies 13 UEN KH5945 (06/01/2010 – 06/01/2011) and 13 UEN KH5945 (06/01/2011 – 06/01/2012) to Beta Unit 6 covering periods during and after completion of construction of the Project at issue in the Underlying Actions (collectively, the "Hartford Policies").

8. The Hartford Policies were issued to Beta Unit 6 and delivered to its principal place of business in Little Falls, New Jersey.

9. The Hartford Policies contain "Other Insurance" provisions that make any applicable coverage provided therein excess to any additional insured coverage provided to Beta Unit 6.

10. In particular, the Hartford Policies provide, in relevant part:

> **4. Other Insurance**
>
> If other valid and collectible insurance is available to the insured [Beta Unit 6] for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:
>
>> **a. Primary Insurance**
>>
>> This insurance is primary except when **b.** below applies. If other insurance is also primary, we will share with all that other insurance by the method described in **c.** below.
>>
>> **b. Excess Insurance**
>>
>> This insurance is excess over any of the other insurance whether primary, excess, contingent or on any other basis:
>>
>> …
>>
>> **(6) When You Are Added As An Additional Insured to Other Insurance**
>>
>> Any other insurance available to you [Beta Unit 6] covering liability for damages arising out of the premises or operation, or products and completed operations for which you have been added as an additional insured by that insurance;
>>
>> …

11. Upon information and belief, Cincinnati issued one or more liability insurance policies to The Adkins Group ("Adkins"), including general liability insurance policy number CPP 366 40 40 (4/30/06-4/30/14), which provides primary coverage to Beta Unit 6 as an additional insured (hereinafter, the "Cincinnati Policies").

12. Upon further information and belief, the Cincinnati Policies require Cincinnati to defend and indemnify Beta Unit 6, on a primary basis, with respect to the various claims asserted against it in the Underlying Actions.

**TENDERS OF THE UNDERLYING ACTIONS AND REIMBURSEMENT CLAIM**

13. The Underlying Actions against Beta Unit 6 and Adkins allege that the Project was poorly designed and poorly constructed resulting in the failure of the steel framing and various damages to the tennis center.

14. Beta Unit 6 was the developer for the Project, and entered into a contract with Adkins on May 15, 2008 for all design and construction services (the "Contract"), pursuant to which Adkins agreed to design and build the Project, including foundation and structural design, architectural design, plumbing, HVAC, mechanical and electrical. Adkins also was responsible for contracting with various subcontractors to construct the Project. Beta Unit 6 was limited to the role of a developer and had no supervision or oversight responsibilities for the Project.

15. Pursuant to Exhibit D of the Contract, Adkins expressly agreed to name Beta Unit 6 as an additional insured on its insurance policies. In addition, Adkins contractually agreed to defend, indemnify and hold Beta Unit 6 harmless with respect to any claims relating to or arising out of work on the Project, including the Underlying Actions.

16. On July 1, 2014, Beta Unit 6 had requested that Cincinnati provide it a defense as an additional insured under the Cincinnati Policies issued to Adkins and to indemnify Beta Unit 6 for the claims asserted against it in the Underlying Actions.

17. On May 16, 2016, Beta Unit 6 once again demanded that Cincinnati, as well as its insured, accept the defense of and defend and indemnify Beta Unit 6 in connection with the Underlying Actions.

18. Cincinnati failed to respond to Beta Unit 6's tenders until February 7, 2018, at which time Cincinnati agreed to defend Beta Unit 6 in the Underlying Actions.

19. Prior to such time, Hartford had agreed to defend Beta Unit 6 in the Underlying Actions, subject to the terms, conditions, and exclusions of the Hartford Policies and the right to seek reimbursement from other insurance carriers for any payments made in connection with the Underlying Actions.

20. Hartford has requested reimbursement from Cincinnati for amounts spent by Hartford defending Beta Unit 6 in the Underlying Actions, insofar as the Cincinnati Policies provide primary coverage to Beta Unit 6 as an additional insured.

21. To date, Cincinnati has not responded to Hartford's requests for reimbursement.

22. In its February 7, 2018 letter, Cincinnati also improperly sought to make its acceptance of Beta Unit 6's defense tender contingent upon "Beta Unit 6 and its insurers waving any claim they may have for attorney's fees, costs and or litigation expenses incurred in connection with pursuit of the defense tender."

23. To date, Cincinnati also has not affirmatively agreed to indemnify Beta Unit 6 in connection with the Underlying Actions, despite failing to reserve its rights to deny coverage or to otherwise comply with the requirements of New Jersey Insurance Law.

24. The Underlying Actions are currently scheduled for trial on April 30, 2018.

**DISPUTES AMONG THE PARTIES**

25. Despite due demand, Cincinnati has failed and/or refused to reimburse Hartford for any portion of payments made or to be made in connection with the defense of the Underlying Actions.

26. Cincinnati also has agreed to provide a defense to Beta Unit 6 for the Underlying Actions, but has improperly conditioned its acceptance of tender upon the waiver of various rights.

27. Although the Underlying Actions are scheduled to procced to trial on April 30, 2018, Cincinnati has not affirmatively agreed to indemnify Beta Unit 6 in connection with any potential settlement or judgment in the Underlying Actions, despite its failure to reserve rights to deny coverage.

28. Accordingly, disputes have arisen among the parties, and likely will continue to arise, regarding Cincinnati's obligation to reimburse amounts previously paid by Hartford in the defense of the Underlying Actions and to defend and indemnify Beta Unit 6 on a going forward basis.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment Pursuant to 28 U.S.C. 2201)**

29. Hartford incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 28 of the Complaint above as if fully set forth herein.

30. Hartford seeks a declaratory judgment to resolve questions concerning the respective rights, obligations and duties of Cincinnati and Hartford with respect to defense costs incurred and/or to be incurred in connection with the Underlying Actions, as well as Cincinnati's obligation to defend and indemnify Beta Unit 6 going forward with respect to the claims asserted against Beta Unit 6 in the Underlying Actions.

31. An actual case or controversy exists between Hartford and Cincinnati concerning Hartford's entitlement to reimbursement, recoupment and contribution for some or all of the amounts paid by Hartford in connection with the Underlying Actions.

32. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

33. By reason of the foregoing, Hartford is entitled to a declaratory judgment establishing the rights and obligations of the parties and determining the extent of Hartford's entitlement to reimbursement for amounts paid in connection with the Underlying Actions.

## SECOND CAUSE OF ACTION
**(Equitable Contribution, Indemnity, Subrogation and/or Reimbursement)**

34. Hartford incorporates by reference and repeats and realleges the allegations of Paragraphs 1 through 33 of the Complaint above as if fully set forth herein.

35. Hartford has incurred and may continue to incur costs associated with its defense of Beta Unit 6 in connection with the Underlying Actions.

36. Hartford has duly demanded that Cincinnati reimburse, indemnify and/or repay Hartford for some or all of the amounts Hartford has paid on behalf of Beta Unit 6 in connection with the defense of the Underlying Actions.

37. Hartford has express and implied rights of reimbursement, indemnification, contribution and/or subrogation with respect to costs incurred by Hartford in defending and/or indemnifying Beta Unit 6 in the Underlying Actions.

38. Cincinnati has failed and/or refused to contribute, reimburse and/or indemnify Hartford for various amounts paid or to be paid by Hartford on behalf of Beta Unit 6.

39. As a result, Hartford has been damaged for some or all of the sums it has expended or may expend on behalf of Beta Unit 6 in connection with the Underlying Actions, plus interest and costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Hartford respectfully requests that the Court enter judgment as follows:

(1) On the First Cause of Action, declaring the rights, duties and obligations of the parties with respect to the matters addressed above, including the extent of Hartford's entitlement to reimbursement from Cincinnati for some or all of the amounts paid by Hartford in connection with the Underlying Actions;

(2) On the Second Cause of Action, in favor of Hartford and against Cincinnati in the amount to be determined at trial, plus prejudgment and post-judgment interest as allowed by law; and

(3) Granting such other and further relief as the Court deems just and proper, including the costs, disbursements and legal fees necessarily and reasonably incurred by Hartford in connection with this lawsuit.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of any and all issues so triable.

Dated: White Plains, New York
       April 26, 2018

                        MENZ BONNER KOMAR & KOENIGSBERG LLP

                        By: _____
                              Patrick D. Bonner, Jr.
                              (pbonner@mbkklaw.com)

One North Lexington Avenue, Suite 1550
White Plains, New York 10601
Tel.: (914) 949-0222

*Attorneys for Plaintiff Hartford Fire Insurance Company*